## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

JOHN EDWARD DUNKLEY,

     Plaintiff,

-vs-

     Case No.

EQUIFAX INFORMATION SERVICES
LLC; TRANS UNION LLC; and
DIGITAL FEDERAL CREDIT UNION,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOHN EDWARD DUNKLEY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); TRANS UNION LLC (hereinafter "Trans Union"); and DIGITAL FEDERAL CREDIT UNION (hereinafter "DCU") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq* and Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCCPA.

3.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.     Consumer reporting agencies that create consumer reports, like Equifax and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

6.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

7.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

8.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9.     Venue is proper in this District as Plaintiff is a natural person and resident of Broward County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

12.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

13.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

15.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

17.     DCU is a corporation headquartered at 853 Donald Lynch Boulevard in Marlborough, Massachusetts 01752 that upon information and belief conducts business in the State of Florida.

18.     DCU is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

19.     DCU furnished information about Plaintiff to the CRAs that was inaccurate.

4

## FACTUAL ALLEGATIONS

20.     Plaintiff is alleged to owe a debt to DCU, partial account number ending in *6142, as to an auto loan (hereinafter "DCU Auto Account"). Plaintiff does not have an account with DCU and never applied or gave permission to anyone to apply using his information for the DCU Auto Account.

21.     Plaintiff is alleged to owe a debt to DCU, partial account number ending in *6141, as to a credit card (hereinafter "DCU Credit Account"). Plaintiff does not have an account with DCU and never applied or gave permission to anyone to apply using his information for the DCU Credit Account.

22.     Upon information and belief, Plaintiff is a victim of identity theft.

23.     In or about September 2024, Plaintiff started to receive mail from DCU regarding the DCU Auto Account which did not belong to him.

24.     In or about November 2024, Plaintiff received a letter from DCU requesting the vehicle title information for a 2023 Buick.

25.     On or about December 10, 2024, Plaintiff received a letter from DCU seeking payment for an alleged past due debt.

26.     Immediately, on or about December 11, 2024, Plaintiff contacted DCU and advised the DCU Auto Account did not belong to him.

27.     On or about December 27, 2024, Plaintiff received a response from DCU which stated it found no identity theft occurred and that Plaintiff was responsible for the DCU Auto Account.

28.     Plaintiff continued to receive correspondence from DCU regarding the erroneous DCU Auto Account which did not belong to him.

29.     Shortly thereafter, Plaintiff contacted the police to file a police report and was informed the 2023 Buick was registered in someone else's name.

30.     Further, Plaintiff visited the Department of Motor Vehicles and was informed a 2023 Buick was not in his name.

31.     On or about January 10, 2025, Plaintiff obtained a copy of his credit report from Equifax. Upon review, Plaintiff observed that the DCU Auto Account was reported with a balance of $45,000, and the DCU Credit Account was reported with a balance of $9,572. Such high balances were negatively affecting Plaintiff's debt to income ratio. Further, any payments made to the aforementioned accounts were not made by Plaintiff because the accounts did not belong to him

32.     On or about January 14, 2025, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 182157575. In this report, he explained that he was a victim of identity theft and that the DCU accounts listed in his credit report did not belong to him.

33.     Due to the inaccurate reporting, on or about February 3, 2025, Plaintiff mailed a detailed dispute letter to Equifax and Trans Union. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft and that the DCU Auto Account and DCU Credit Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

34.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6467 0192 42) and Trans Union (9407 1112 0620 6467 0196 86).

35.     On or about February 13, 2025, Plaintiff received a response from Equifax which stated the proof of identity did not match and request two forms of identification despite Plaintiff providing images of his current driver's license and Social Security card in the letter.

36.     Despite confirmation of delivery, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax.

37.     On or about March 12, 2025, Plaintiff obtained an updated copy of his Equifax credit report, and upon review, Plaintiff observed the DCU Auto Account

with a balance of $50,818 and DCU Credit Account with a balance of $9,572 continued to be reported.

38.     Plaintiff provided enough information to Equifax to identify his file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

39.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Equifax never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Equifax notified DCU of Plaintiff's dispute. However, DCU failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.     Despite confirmation of delivery on February 10, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union.

43.     On or about March 12, 2025, Plaintiff obtained an updated copy of his Trans Union credit report, and upon review, Plaintiff observed the DCU Auto Account with a balance of $50,818 and DCU Credit Account with a balance of $9,572 continued to be reported.

8

44.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

45.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

46.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Trans Union notified DCU of Plaintiff's dispute. However, DCU failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

48.     Due to the continued inaccurate reporting, on or about March 20, 2025, Plaintiff mailed a second detailed dispute letter to Equifax and Trans Union. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated he was a victim of identity theft and that the DCU Auto Account and DCU Credit Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

49.     Plaintiff mailed his second detailed dispute letter via USPS Certified Mail to Equifax (9407 112 0620 6588 4227 85) and Trans Union (9407 112 0620 6588 4229 90).

50.     As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax and Trans Union as to his second detailed dispute letter.

51.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Trans Union continue to inaccurately report the erroneous DCU Auto Account and DCU Credit Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

52.     Equifax and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

53.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

54.     As a result of the inaccurate credit reporting, Plaintiff's credit score has decreased and resulted in a credit card account held by Plaintiff for over fifteen (15) years to be closed.

55.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

ii.   Loss of time attempting to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Reduction in credit score;

v.    Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.   Defamation as Defendants published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

56.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

11

57.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58.    Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

59.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

60.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

61.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

62.    Equifax violated its own policies and procedures by not deleting accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

63.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

65.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Equifax Information Services LLC (Willful)

66.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

67.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

13

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

68.    Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

69.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

70.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

71.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

72.    Equifax violated its own policies and procedures by not deleting accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

73.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

14

74. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

75. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

76. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

77. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

78.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

79.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

80.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

82.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

83.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

84.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

17

85.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

86.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

87.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

90.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

91.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

92.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

93.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

94.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

97.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

98. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

99. Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

100. Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

101. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

105.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.   Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

107.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

22

108.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

109.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

110.   Trans Union violated its own policies and procedures by not deleting accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

111.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### <u>COUNT VIII</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

114.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

115.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

116.    Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

117.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

118.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

119.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

120.   Trans Union violated its own policies and procedures by not deleting accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

121.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

123.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

124.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

125.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

126.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

127.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

128. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

129. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

130. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

131. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

27

132.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

133.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

134.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

135.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

136. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

137. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

138. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

139. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

140.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

141.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

142.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

144.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Trans Union LLC (Willful)**

145.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

146.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

147.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

148.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

149.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

151.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **COUNT XIII**
### **Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Digital Federal Credit Union (Negligent)**

152.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

153.   DCU furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

154.   After receiving Plaintiff's disputes, DCU violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

155.   Plaintiff provided all the relevant information and documents necessary for DCU to have identified that the accounts were erroneous.

156.   DCU did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DCU by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

157.   DCU violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

158.   As a direct result of this conduct, action, and/or inaction of DCU, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

159.   The conduct, action, and inaction of DCU was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

160.   Plaintiff is entitled to recover costs and attorney's fees from DCU in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual damages against Defendant, DIGITAL FEDERAL CREDIT UNION; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Digital Federal Credit Union (Willful)

34

161.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

162.   DCU furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

163.   After receiving Plaintiff's disputes, DCU violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

164.   Plaintiff provided all the relevant information and documents necessary for DCU to have identified that the accounts were erroneous.

165.   DCU did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DCU by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

35

166. DCU violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

167. As a direct result of this conduct, action, and/or inaction of DCU, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

168. The conduct, action, and inaction of DCU was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

169. Plaintiff is entitled to recover costs and attorney's fees from DCU in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, DIGITAL FEDERAL CREDIT UNION; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XV**
**Violation of Florida Statues § 559.72 (9) as to**
**Defendant, Digital Federal Credit Union**

170.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

171.   DCU violated Florida Statues § 559.72 (9) by attempting to collect a debt it knew or had reason to know was not legitimate.

172.   DCU had all the information it needed to determine that the debt was erroneous and did not belong to Plaintiff yet continually contacted Plaintiff stating that he owed money for a debt he did not owe.

173.   As a result of the conduct, action, and inaction of DCU, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempts by DCU will continue to harm his credit reputation.

174.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from DCU pursuant to the FCCPA.

175.   Plaintiff is entitled to recover reasonable attorney's fees and costs from DCU in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages

against Defendant, DIGITAL FEDERAL CREDIT UNION, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN EDWARD DUNKLEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and DIGITAL FEDERAL CREDIT UNION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of March 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC

501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*/s/ Jessica C. Berger, Esq.*
Jessica C. Berger, Esq.
Florida Bar No.: 10507738
The Consumer Lawyers PLLC
501 E Kennedy Blvd Ste 610
Tampa FL, 33602
Telephone: 656.227.2532
Facsimile: 844.951.3933
Jessica@theconsumerlawyers.com
*Attorney for Plaintiff*